IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-02443-RM-KMT

CALFOX, INC.,

    Plaintiff,

v.

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON
SUBSCRIBING TO CERTIFICATE NUMBER T0530BP1EB10018,
GUIDEONE NATIONAL INSURANCE COMPANY,
HDI SPECIALTY INSURANCE COMPANY, and
STARR SURPLUS LINES INSURANCE COMPANY,

    Defendants.

---

## ORDER TO SHOW CAUSE
---

This matter is before the Court *sua sponte*. "Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party, and…a court may *sua sponte* raise the question of whether there is subject matter jurisdiction at any stage in the litigation." *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quotation and citation omitted). Moreover, federal removal jurisdiction is strictly construed, and all doubts are to be resolved against removal. *Farmland Nat'l Beef Packing Co., L.P. v. Stone Container Corp.*, 98 F. App'x 752, 755–56 (10th Cir. 2004) (citations omitted).

Defendant GuideOne National Insurance Company removed this action based on diversity jurisdiction. (ECF No. 1.) Defendants HDI Specialty Insurance Company and Starr

Surplus Lines Insurance Company subsequently consented to the removal. (ECF No. 10.) No mention is made of Lloyd's. Upon review of the record, the Court finds the papers do not plausibly allege or sufficiently show that subject matter jurisdiction based on diversity exists.

Diversity jurisdiction requires complete diversity – no plaintiff may be a citizen of the same state as any defendant. *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). Plaintiff's complaint alleges that it is a California corporation with its principal place of business in California. (ECF No. 3, ¶ 2.) Thus, none of the Defendants can be citizens of California. This raises two questions which are unanswered in the papers. First, how many Defendants are in this action? And, second, what is the citizenship of each Defendant?

***Number of Defendants***. The complaint appears to allege there is but one defendant, but the caption identifies four defendants. Thus, it appears there are four Defendants. Only three Defendants, however, have appeared and they proceed as if there is not a fourth defendant, i.e., Certain Underwriters at Lloyd's, London Subscribing to Certificate Number T0530BP1EB10018 ("Lloyd's").

***Citizenship of Defendants***. "In general, for jurisdictional citizenship, there are two types of business organizations: corporations and unincorporated associations." *Grynberg*, 805 F.3d at 905. For a corporation, its citizenship is its state of incorporation and the state where its principal place of business is located. *Id.* For an unincorporated entity, generally, its "citizenship is typically determined by its members' citizenship." *Id.* at 905-906.

Lloyd's has been described as an unincorporated association. Howard M. Tollin & Mark Deckman, *Lloyd's of London and the Problem with Federal Diversity Jurisdiction*, 9 J. Transnat'l L. & Pol'y 289, 292 (2000). And, in determining diversity jurisdiction, courts which

2

have addressed the Lloyd's citizenship issue have reached differing results based upon differing reasoning. *See, e.g., Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1081 (11th Cir. 2010) (Lloyd's syndicates, as unincorporated associations, must plead the citizenship of each of their members); *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 42-43 (6th Cir. 1994) (citizenship of lead underwriters determinative where, under Tennessee law, they were the "real parties in interest" because they are liable on the contract). It appears the Tenth Circuit has not decided the issue. However, regardless of how the citizenship of Lloyd's is to be determined, the citizenship of Lloyd's here is unknown as there are no allegations on this issue. Lloyd's citizenship is still unknown even if the Court assumes that the three other Defendants are the only Names, i.e., investors, on the policy at issue.

In this case, the facts and allegations provided as to the citizenship of Defendants GuideOne, HDI, and Starr Surplus are insufficient. Specifically, the Notice of Removal states:

- GuideOne is a foreign corporation with its principal office located at 1111 Ashworth Road, West Des Moines, IA 50265.

- HDI Specialty Insurance Company is a foreign corporation domiciled in Illinois.

- Starr Surplus Lines Insurance Company is a foreign corporation domiciled in Texas.

(ECF No. 1, ¶ 7.) As stated, a corporation is be deemed to be a citizen of every State and foreign state in which it is incorporated and of the State or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). However, it is unclear what GuideOne means by "foreign corporation" and "domicile." And GuideOne's supporting documents fail to sufficiently shed light on the issue. Accordingly, based on the foregoing, it is

**ORDERED** that on or before November 3, 2020, Defendants shall **SHOW CAUSE** why this action should not be remanded from where it was removed based on lack of subject matter jurisdiction.

DATED this 20th day of October, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

4