IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-02443-RM-KMT

CALFOX, INC.,

    Plaintiff,

v.

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON
SUBSCRIBING TO CERTIFICATE NUMBER T0530BP1EB10018,
GUIDEONE NATIONAL INSURANCE COMPANY,
HDI SPECIALTY INSURANCE COMPANY, and
STARR SURPLUS LINES INSURANCE COMPANY,

    Defendants.

## ORDER

By Order to Show Cause dated October 20, 2020 (ECF No. 28), the Court ordered Defendants GuideOne National Insurance Company ("GuideOne"), HDI Specialty Insurance Company ("HDI"), and Starr Surplus Lines Insurance Company ("Starr") (collectively, "Defendants") to show cause why this case should not be remanded for lack of diversity subject matter jurisdiction. Defendants have jointly responded. (ECF No. 29.) After reviewing the response, court record, and the applicable law, the Court finds and orders as follows.

To start, any assertion by Defendants that subject matter jurisdiction exists because the parties all *agree*[1] it exists is without merit. After all, "it's hornbook law that the 'lack of federal jurisdiction cannot be waived or be overcome by an *agreement* of the parties.'" *Colorado Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 544 (10th Cir. 2016) (emphasis added) (quoting *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 135 S. Ct. 1932, 1956, 191 L. Ed. 2d 911

---

[1] ECF No. 29, ¶ 19.

(2015) (Roberts, C.J., dissenting)). *See also Becker v. Ute Indian Tribe of the Uintah & Ouray Reservation*, 770 F.3d 944, 947 (10th Cir. 2014) ("Federal subject matter jurisdiction cannot be consented to or waived, and its presence must be established in every cause under review in the federal courts." (quotation and citation omitted)). Thus, the Court examines Defendants' papers to determine if they have met their burden of showing that subject matter jurisdiction exists.

Defendants represent that Certain Underwriters at Lloyd's, London Subscribing to Certificate Number T0530BP1EB10018 ("Certain Underwriters"), although named by Plaintiff in the caption, is not a separate insuring entity or a separate defendant. If that is so, it is unclear to the Court why Certain Underwriters is named as a Defendant in the caption and the singular "Defendant" is alleged to be "an insurance exchange" in the complaint. (ECF No. 3, ¶ 3.) Even if the Court credits that the property insurance at issue in this case is not insured by a Lloyd's syndicate but, rather, by the individual insurance companies that comprise or "encompass" Certain Underwriters, Defendants fail to persuade the Court that only three of the four participating insurers should be considered in determining whether diversity jurisdiction exists.

Specifically, Defendants assert there are layers of coverage in this policy. Participation A consists of the insured's self-insured retention and deductible. Once Participation A is exhausted, Participation B is triggered, which consists of $5 million in coverage provided by GuideOne. Once Participation B is exhausted, Participation C is triggered which consists of $5 million in coverage provided by HDI. Once Participation C is exhausted, Participation D and then E are triggered, each consisting of $5 million[2] in coverage provided by Starr. And, finally, once Participation E is exhausted, Participation F is triggered which consists of $5 million in coverage

---

[2] For a total of $10 million in coverage.

provided by "Lloyd's."[3]

Here, Defendants contend that Certain Underwriters is but a shorthand for naming these Defendants as they are the only parties who may be potentially liable under the policy of insurance at issue and in this case "at this time."[4] By asserting that only they may be potentially liable, Defendants have assumed that any liability will not exceed $20 million.[5] As Defendants acknowledge, the potential liability exceeds $5.6 million. In fact, based on the Scheduling Order, Plaintiff seeks a minimum of $8,468,747.67 in damages *plus* attorneys' fees, pre-judgment interest, and costs (e.g., for the retention of a public adjuster, engineer, and meteorologist). In addition, Plaintiff seeks damages for bad faith. Thus the alleged amount of liability at issue exceeds well over $9 million, even in the absence of any award for bad faith. But, of course, the extent of liability, if any, is an unknown at this time. Which is one reason why the Court rejects this contention – the Court should not be required to speculate at the outset of a case as to which layer of insurance a plaintiff's claim may reach in order to determine which insurer's citizenship is in play. Indeed, the Court could speculate that, under Plaintiff's theories of liability, liability may exceed $20 million. If so, then the fourth layer (Participation F) insured by Lloyd's may be triggered.[6]

Defendants also fail to provide any legal authority that holds only insurers who may potentially be liable should be considered in determining diversity rather than all insurers that comprise or "encompass" Certain Underwriters, where Certain Underwriters is named as a Defendant. *Cf. Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905–06 (10th Cir. 2015) ("an unincorporated entity's citizenship is typically determined by its members'

---

[3] The A Appendices referred to Lloyd's as Participation "E" while the Q Appendices referred to Lloyd's as Participation "F." Regardless, Lloyd's is the last Participation, which the Court will refer to as Participation F.
[4] ECF No. 29, ¶ 10.
[5] Plus any self-insured retention and deductible.
[6] Conversely, if any liability would only exceed about $5.6 million as Defendants advise, then, under their theory, the Court should only consider the citizenship of GuideOne ($5 million) and HDI (another $5 million).

citizenship," without considering whether such members may be personally liable). Instead, as stated by Defendants "to evaluate diversity, the court must consider the citizenship of *each* member that underwrote the policy." (ECF No. 29, ¶ 5 (emphasis added) (citing *Certain Underwriters at Lloyd's London Subscribing to Policy Number B066421355A04 v. Washington*, Civil Action No. 09-3195, 2009 WL 5215927 (E.D. La. Dec. 28, 2009))). Accordingly, on this record, the Court is not persuaded that the citizenship of Lloyd's should not be considered in determining whether diversity jurisdiction exists.

Defendants ask for another opportunity to demonstrate subject matter jurisdiction exists should the Court find their current showing insufficient. The Court will allow Defendants one more chance to do so. Accordingly, it is **ORDERED** that on or before **November 25, 2020**, Defendants may supplement their response with the citizenship of Lloyd's to show that there is complete diversity or with authority establishing that Lloyd's citizenship need not be considered in determining whether diversity jurisdiction exists.

DATED this 12th day of November, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge